UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**NEWMONT GHANA GOLD LIMITED,**
et al.,

           **Plaintiffs,**

v.                                  Lead Case No. 3:11cv62/MCR/CJK
                                   (Case No. 3:11cv140/MCR/CJK)

**HILLER SYSTEMS, INC.; DAVIS &
ADAMS CONSULTING SERVICES,
INC.; PROENERGY INTERNATIONAL
SERVICES, INC.; and PLAINVILLE
ELECTRICAL PRODUCTS CO., INC.
a/k/a PEPCO,**

           **Defendants**.
_____/

## ORDER

     Several motions to dismiss are pending in this case, with requests for jurisdictional discovery, as well as two motions to strike Plaintiffs' notice of voluntary dismissal (docs. 24 & 26), and Plaintiffs' motion requesting a scheduling conference (doc. 60).  Now, having been fully advised, court concludes that the motions to strike and request for scheduling conference will be denied, and limited jurisdictional discovery will be permitted to proceed.

**Background**

     Plaintiffs together comprise a mining consortium in the Republic of Ghana, consisting of Newmont Ghana Gold Limited, Anglogold Ashanti (Ghana) Limited, and Golden Star (Bogoso/Prestea) Limited, each incorporated in Ghana, and have brought suit against Defendants Hiller Systems, Inc. ("Hiller"), a Virginia corporation that maintains and

conducts business in Florida; Davis & Adams Consulting Services, Inc. ("DACON"), a Florida corporation; ProEnergy International Services, Inc. ("ProEnergy"), a Missouri corporation; and Plainville Electrical Products Co., Inc. ("PEPCO"), a Connecticut company, based on the court's diversity jurisdiction.[1]  See 28 U.S.C. § 1332(a).  The suit stems from a fire that occurred in the consortium's Ghana Mining Industry Reserve Power Plant in Ghana.  At the time of the fire in 2008, ProEnergy was the operator of the plant pursuant to a contract with Plaintiffs that includes a London arbitration clause.  Prior to that, in 2007, Plaintiffs had contracted with DACON to redesign, refurbish, and upgrade the turbine generator and fire suppression system at the plant, and DACON, in turn, had subcontracted portions of the work to Hiller and PEPCO.  The complaint includes claims of negligence, breach of warranty, and breach of contract, and Plaintiffs seek over $3 million in damages resulting from the fire.

ProEnergy filed a motion to dismiss in favor of arbitration (doc. 16), based on the London arbitration clause in its contract with Plaintiffs.  Subsequently, Plaintiffs filed a notice of dismissal as to ProEnergy (doc. 22).  See Fed. R. Civ. P. 41(a)(1)(A)(i).  Hiller moved to strike the notice of dismissal (doc. 24), arguing Plaintiff should have obtained the consent of all defendants or leave of court for the notice of dismissal to be effective because Hiller had already filed an answer.  PEPCO joined the motion to strike (doc. 26). PEPCO then filed a motion to dismiss the complaint (doc. 31) and a motion to dismiss Hiller's amended crossclaim against PEPCO[2] (doc. 43), citing lack of personal jurisdiction as the basis for both motions due to its lack of contacts with the state of Florida. Subsequently, the court entered a stay of discovery and stay of Rule 26 disclosures as to

---

[1]  Plaintiffs initially brought two identical actions, one in state court and one in federal court.  Defendant ProEnergy removed the state court action to federal court, and the cases were consolidated with this as the Lead Case.  (Doc. 19.)

[2]   Hiller filed an amended answer with a counterclaim against Plaintiffs and cross claims against DACON, PEPCO, and ProEnergy (doc. 28); Hiller subsequently filed a second amended answer with cross claims against DACON and PEPCO and a third-party claim against ProEnergy (doc. 41).  Third-Party Defendant ProEnergy has filed a motion to dismiss Hiller's third-party complaint (doc. 55, corrected at doc. 56), which Hiller opposes (doc. 62).  This motion will be addressed by separate order.

Case No. 3:11cv62/MCR/CJK Lead Case
Case No. 3:11cv140/MCR/CJK

PEPCO, pending resolution of its motions to dismiss (doc. 48). Plaintiffs responded in opposition to the motions and requested jurisdictional discovery regarding PEPCO's activities in the state of Florida (doc. 37). Hiller adopted Plaintiffs' response (doc. 50).

**Discussion**

With regard to the motions to strike, the court finds them lacking in merit. Hiller and PEPCO moved to strike Plaintiffs' voluntary dismissal of ProEnergy, arguing that Hiller had already filed an answer at the time the notice was filed, and that therefore, Plaintiffs should have obtained the consent of all defendants in order for the voluntary dismissal to be effective without a court order. Rule 41(a)(1) permits a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," Fed. R. Civ. P. 41(a)(1)(A)(i), or by filing "a stipulation of dismissal signed by all parties who have appeared," Fed. R. Civ. P. 41(a)(1)(A)(ii). Voluntary dismissal in these circumstances is self executing and ordinarily operates without the need of a court order. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). In this case, ProEnergy had not filed an answer or summary judgment motion at the time Plaintiffs filed the notice of voluntary dismissal regarding ProEnergy. Accordingly, the Plaintiffs' notice of dismissal was self executing, and the fact that another defendant, Hiller, had previously filed an answer is of no consequence. *See Plains Growers, Inc. By and Through Florists' Mut. Ins. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253-55 (5th Cir. 1973)[3] (holding, in circumstances where one defendant had filed an answer but the defendant who was subject to the voluntary dismissal had not, that a "plaintiff is entitled to a dismissal against one defendant under Rule 41(a), even though the action against another defendant would remain pending"). Because Plaintiffs' voluntary dismissal was effective, its proceeding against ProEnergy is therefore rendered a nullity. *See Univ. of S. Ala*, 168 F.3d at 409. For these reasons, the motions to strike the voluntary dismissal (docs. 24 & 26) will be denied, and ProEnergy's

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting the case law of the former Fifth Circuit developed before October 1, 1981, as precedent for this circuit).

Case No. 3:11cv62/MCR/CJK Lead Case
Case No. 3:11cv140/MCR/CJK

motion to dismiss in favor of arbitration (doc. 16) is moot.

With regard to PEPCO's motions to dismiss for lack of personal jurisdiction, *see* Fed. R. Civ. P. 12(b)(2), which the Plaintiffs and Hiller have opposed with affidavits, the court finds that limited jurisdictional discovery is appropriate.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (acknowledging that limited discovery may be necessary before the court can make a meaningful ruling on a motion to dismiss for lack of personal jurisdiction).  Accordingly, Plaintiffs, Hiller, and PEPCO are permitted to engage in discovery for a period of sixty (60) days, limited to the issue of whether this court has personal jurisdiction over PEPCO.

Finally, the court entered an order staying all other discovery and disclosures (doc. 61) subsequent to Plaintiffs' request for a scheduling conference.  In light of that stay, which remains in effect pending resolution of the motions to dismiss with the exception of the limited jurisdictional discovery permitted by this order, the court finds it is appropriate to deny Plaintiffs' motion for a scheduling conference at this time.

Accordingly, it is hereby ORDERED:

1. Hiller's Motion to Strike Notice of Dismissal (doc. 24) is DENIED.
2. PEPCO's Motion to Strike Notice of Dismissal (doc. 26) is DENIED.
3. ProEnergy's Corrected Motion to Dismiss in Favor of Arbitration (doc. 16) is MOOT.
4. Plaintiffs, Hiller, and PEPCO shall engage in discovery for a period of sixty (60) days limited to the issue of whether this court has personal jurisdiction over PEPCO.  Plaintiffs and Hiller shall file supplemental memoranda and evidence in support of the motions to dismiss within ten (10) days after the close of this limited jurisdictional discovery period, and PEPCO shall have ten (10) days in which to file a response.

5.  Plaintiffs' Motion for a Scheduling Conference (doc. 60) is DENIED without prejudice.

**DONE AND ORDERED** this 6th day of July, 2011.

*M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**